ALTENBERND, Judge,
Concurring.
I reluctantly concur in this opinion. I have come to believe that a prisoner filing a motion to correct an illegal sentence should be required to allege under oath that the sentencing error is actually harmful in some significant fashion.
Mr. Mack’s sentence for this kidnapping conviction is incorrect. This sentence, however, is one of six that he received in case number 89-12882. The other sentences are apparently correct and legal sentences. Excluding the kidnapping offense, those sentences total two periods of life, plus forty years. The Department of Corrections public records reflect that Mr. Mack is currently serving prison time for seventeen offenses in addition to those involved in case number 89-12882.
Eventually, Mr. Mack will receive a correct sentence for this kidnapping offense. This correct sentence will come at considerable judicial expense. This correction, however, will not reduce Mr. Mack’s time in prison by even one nanosecond.
Courts tend to review prisoner writs on a first-in, first-out basis. As a result, Mr. Mack’s lawsuit, and others like it, force prisoners who are entitled to meaningful relief to wait in prison while the courts sort through the earlier claims of prisoners who are not, and never will be, harmed by technical sentencing errors. We should change the pleading requirements in these cases to increase the odds that prisoners with genuine claims have a chance to receive relief before their sentences are fully served.